**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| ASK MOYSTAD,<br><br>*Plaintiff*,<br><br>v.<br><br>HOME DEPOT U.S.A., INC. D/B/A THE COMPANY STORE,<br><br>*Defendant*. | Case No. 26-cv-3013<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL**<br><br>(Baltimore City Cir. Ct. No. C-24-CV-26-004281) |

**NOTICE OF REMOVAL**

Defendant Home Depot U.S.A., Inc. d/b/a The Company Store ("Home Depot") hereby files this Notice of Removal of this action from the Circuit Court for Baltimore City, Maryland, to the United States District Court for the District of Maryland, Northern Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441, 1446, and 1453 based on the following facts, which show that this case may be properly removed to this Court.[1]

## I. TIMELINESS OF REMOVAL

1. Home Depot has been sued in a civil action entitled *Ask Moystad v. Home Depot U.S.A., Inc. d/b/a The Company Store*, No. C-24-CV-26-004281, in the Circuit Court for Baltimore City, Maryland (the "State Court Action").

2. Plaintiff Ask Moystad ("Plaintiff") filed the Complaint attached hereto as **Exhibit A** on June 16, 2026, asserting violations of Maryland's Commercial Electronic Mail statute, Md. Code Ann., Com. Law §§ 14-3002 and 14-3003, on behalf of himself and a putative

[1] Home Depot reserves its rights to assert any and all defenses to the Complaint. Home Depot further reserves the right to amend or supplement this Notice of Removal.

class of Maryland consumers. *See* Ex. A, Compl. ¶¶ 1–7, 53–54, 62–69. Plaintiff alleges Home Depot violated the Maryland Commercial Electronic Mail statute by transmitting commercial emails with subject lines that Plaintiff alleges are false and misleading. *See id.* ¶¶ 4, 27–28, 41, 67. Plaintiff further alleges that he was injured because these emails "burden[] consumers' inboxes" and induce consumers to "visit the seller's website, purchase immediately, stop comparison shopping, or otherwise engage with the seller's marketing." *Id.* ¶ 6.

3. Home Depot was served with notice of process for the Complaint on July 2, 2026, attached hereto as **Exhibit B**.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings on file with the Circuit Court for Baltimore City, Maryland in the State Court Action are attached to the Verification of State Court Records filed with this Notice of Removal.

## II. VENUE AND JURISDICTION

5. Home Depot denies that Plaintiff has adequately alleged personal jurisdiction in this action, and Defendant does not waive any applicable personal jurisdiction defense.

6. This Court is a proper venue pursuant to 28 U.S.C. §§ 100(1), 1391, 1441(a), and 1446(a), because the Circuit Court for Baltimore City, Maryland, where the State Court Action is pending, is a state court within the District of Maryland.

7. As set forth more fully below, this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1332(a) and 1332(d).

8. All other requirements for removal are satisfied.

## III. BASES FOR REMOVAL

### A. REMOVAL IS PROPER ON THE BASIS OF DIVERSITY JURISDICTION.

9. Removal is proper under 28 U.S.C. §§ 1441(b), 1446, and this Court has

independent subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**1. Complete Diversity Is Satisfied.**

10. Based upon the allegations of the Complaint, Plaintiff is a citizen of Maryland. *See* Ex. A, Compl. ¶ 8 (". . . Moystad is a citizen of Maryland and is domiciled in Baltimore City, Maryland.").

11. Home Depot is, and was at the time that it was served with the Complaint, a corporation duly organized and existing under the laws of the state of Delaware, and it maintains its principal place of business in Atlanta, Georgia. *See* Ex. A, Compl. ¶¶ 12, 14. Home Depot, therefore, is a citizen of Delaware and Georgia. *See* 28 U.S.C. § 1332(c)(1).

12. Because Plaintiff and Home Depot are citizens of different states, complete diversity of citizenship exists. *See* 28 U.S.C. § 1332(c)(1).

**2. Plaintiff's Individual Claim Exceeds $75,000.**

13. According to company records, The Company Store has sent approximately 236 emails to Plaintiff since January 20, 2026. *See* **Exhibit C**, Declaration of Clotilde Bedoya ¶¶ 6–8.

14. Based on this information, and the statutory amount of $500 per allegedly violative email under Md. Code Ann., Com. Law § 14-3003 sought by the Complaint, Plaintiff's individual statutory damages claim totals approximately $118,000, exclusive of attorneys' fees and costs. *See* Ex. A, Compl. ¶ 69; *see also* Md. Code Ann., Com. Law § 14-3003. The Complaint likewise alleges that "the amount sought in this action exceeds $75,000." Ex. A, Compl. ¶ 70.

15. As a result, Plaintiff's individual claim satisfies the amount-in-controversy requirement under 28 U.S.C. § 1332(a) and removal is appropriate on diversity grounds.

## B. REMOVAL IS ALSO PROPER BECAUSE THIS COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d).

16. This Court has also subject-matter jurisdiction over the action, and the action may be removed to this Court, under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. §§ 1332(d), 1453, 1711–15.

17. As set forth below, this is a putative class action in which: (1) Plaintiff alleges there are more than 100 members in the purported class; (2) at least one member of the proposed class is a citizen of a different state than Home Depot; and (3) as alleged, the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs. *See* Ex. A, Compl. ¶¶ 8, 12, 14, 54, 56, 69–70. Thus, this Court has original jurisdiction over this action, and it may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

### 1. Plaintiff's Proposed Class Consists of More Than 100 Members.

18. In the Complaint, Plaintiff purports to seek damages on behalf of himself and a Maryland class consisting of "all persons in Maryland who, within three years before the filing of this action through the date of class notice, received one or more commercial electronic mail messages from Defendant . . . with a subject line containing false or misleading information about the duration, expiration, deadline, finality, extension, continuation, or terms of any sale, discount, promotion, price, or offer." Ex. A, Compl. ¶¶ 53–54.

19. Plaintiff alleges in the Complaint that the proposed class "is so numerous that joinder of all members is impracticable" and that Home Depot "sent commercial emails as part of mass email marketing campaigns to large numbers of recipients, including Maryland residents." *Id.* ¶ 56. According to company records, more than 100 unique email recipients associated with a Maryland address have been enrolled to receive promotional emails from The Company Store since January 20, 2026 or earlier. *See* Ex. C, Bedoya Decl. ¶¶ 9–10.

20. Accordingly, based on the allegations in the Complaint, and the additional sworn facts provided in the declaration in support of removal that accompanies this Notice of Removal, the aggregate number of members of the putative class is greater than 100 for purposes satisfying the requirements of 28 U.S.C. § 1332(d)(5)(B).

**2. Minimal Diversity Exists.**

21. This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse—that is, where "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

22. Home Depot is a citizen of Delaware and Georgia. *See* Ex. A, Compl. ¶¶ 12, 14.

23. As set forth above, Plaintiff is a citizen of Maryland. *Id.* ¶ 8.

24. Because at least one member of the putative class is diverse from at least one defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

**3. The Amount-in-Controversy Requirement is Satisfied.**

25. Plaintiff alleges that Home Depot violated Maryland's Commercial Electronic Mail statute by, among other things, transmitting commercial emails with subject lines containing "false or misleading" information with "the capacity, tendency, or effect of deceiving recipients." Ex. A, Compl. ¶¶ 27–29, 41, 67.

26. Plaintiff seeks remedies including: (1) statutory damages, (2) actual damages, (3) attorneys' fees and costs, and (4) pre-judgment and post-judgment interest. *See id.* ¶¶ 69, 71.

27. Plaintiff seeks statutory damages of $500 per violative commercial electronic mail message pursuant to Md. Code Ann., Com. Law § 14-3003. *See* Ex. A, Compl. ¶ 69; *see also* Md. Code Ann., Com. Law § 14-3003 (providing for recovery of reasonable attorneys' fees and damages "in an amount equal to the greater of $500 or the recipient's actual damages").

28. Plaintiff alleges Home Depot sent commercial emails as part of "mass email marketing campaigns to large numbers of recipients, including Maryland residents" across the applicable limitations period and requests statutory damages of "$500 per violative commercial electronic mail message." Ex. A, Compl. ¶¶ 56, 69.

29. Home Depot denies that The Company Store's email practices violated Maryland's Commercial Electronic Mail statute; Home Depot will show that Plaintiff's claims fail on the merits and class certification is not appropriate in this action; and Home Depot further denies that Plaintiff or the alleged class are due any amount of damages, statutory, compensatory or otherwise.

30. Nevertheless, Plaintiff alleges that Home Depot sent commercial emails with false or misleading subject lines to "large numbers of recipients, including Maryland residents," and the Complaint lists approximately 50 supposedly representative email subject lines as examples. *See* Ex. A, Compl. ¶¶ 29, 56.

31. Further, as set forth above, company records show that The Company Store sent approximately 236 emails to Plaintiff since January 20, 2026. *See* Ex. C, Bedoya Decl. ¶¶ 6–8. According to company records, more than 100 unique email recipients associated with a Maryland address have been enrolled to receive the same promotional emails The Company Store sent to Plaintiff since January 20, 2026 or earlier. *Id.* ¶¶ 9–10.

32. Given Plaintiff's allegation seeking $500 per allegedly violative email per class member, and the number of emails sent to Maryland recipients, the aggregate amount-in-controversy exceeds $5 million. Accordingly, the requirement under 28 U.S.C. § 1332(d) is satisfied.[2]

[2] To meet this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., L.L.C. v. Owens*, 574 U.S. 81, 88 (2014). "Evidence establishing the amount

### C. ALL OTHER CAFA REMOVAL REQUIREMENTS ARE SATISFIED.

33. CAFA jurisdiction does not apply where "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief[.]" 28 U.S.C. § 1332(d)(5)(A). Home Depot is not a State, State official, or governmental entity.

34. The Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b). Home Depot was served with the Complaint on July 2, 2026. Thus, Home Depot files this Notice of Removal within 30 days of its receipt of the Complaint.

35. Pursuant to the requirements of 28 U.S.C § 1446(b)(2)(A), Home Depot consents to removal by filing this Notice of Removal.

36. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the District of Maryland, written notice of such filing will be served by the undersigned on the Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Circuit Court for Baltimore City, Maryland.

37. By filing this Notice of Removal, Home Depot does not waive any applicable defenses and instead reserves all such defenses, including but not limited to those related to lack of personal jurisdiction.

---

is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89. Home Depot reserves the right to present evidence concerning Plaintiff's purported damages and the other elements of Plaintiff's requested relief, including attorneys' fees, should Plaintiff contend the amount-in-controversy requirement is not satisfied in this case. *See* Md. Code Ann., Com. Law § 14-3003 (allowing recovery of attorneys' fees).

## IV. CONCLUSION

38. For the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1332(d).

WHEREFORE, Home Depot gives notice that the State Court Action is removed to the United States District Court for the District of Maryland.

DATED this 31st day of July, 2026. Respectfully submitted,

By: */s/ Robert K. Hur*

Robert K. Hur
rhur@kslaw.com
D. Md. Bar No. 04761
Amadou Kilkenny Diaw
adiaw@kslaw.com
Md. Bar No. 0912150210
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Phone: (202) 737-0500

*Attorneys for Home Depot U.S.A., Inc. d/b/a The Company Store*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2026, the foregoing was served by first class mail and email upon the following:

Vaughn Stewart
COULSON P.C.
300 River Place Dr., Ste. 1700
Detroit, MI 48207
Email: vstewart@coulsonpc.com

*Attorney for Plaintiff*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

*/s/ Robert K. Hur*
Robert K. Hur